UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEONARD AND DIANNE BELL, individually and on behalf of the minor child, L.B.,<br><br>Plaintiffs,<br><br>vs.<br><br>CARMEL CLAY SCHOOL CORP., CARMEL POLICE DEPARTMENT, and MATTHEW KINKADE, in his Official Capacity,<br><br>Defendants. | CASE NUMBER:<br><br>1:09-cv-0191 LJM -TAB |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW the Plaintiffs, Leonard and Dianne Bell, individually and on behalf of their minor child, L.B., by counsel, and in support of their Complaint for Damages against the Defendants, state and allege as follows:

### I. GENERAL ALLEGATIONS

1. Leonard and Dianne Bell are the adoptive parents of the minor child, L.B.

2. L.B. was born on January 18, 1994.

3. Plaintiffs are residents and citizens of Hamilton County, Indiana.

4. At all times relevant to this cause, L.B. was a seventh-grade student at Creekside Middle School, which is part of the Carmel-Clay School Corporation.

5. Creekside Middle School is located in Hamilton County, Indiana.

6. Creekside Middle School is a public school.

7. At all times relevant to this cause, L.B. received special education services through the Hamilton-Boone-Madison Special Services.

8. L.B. suffers from affective disorder and has been diagnosed with autism, manic-depressive disorder and bi-polar disorder.

9. L.B. has an I.Q. of approximately 68, placing him in the mentally impaired category.

10. On March 11, 2008, L.B. was dropped off at Creekside Middle School by his mother, Dianne Bell.

11. On March 11, 2008, Dianne Bell called and informed administrative personnel at Creekside Middle School that L.B. was going to be late for school that day.

12. L.B. did not eat lunch at school during the school day.

13. At all relevant times, L.B. was approximately five (5) feet tall, and weighed approximately ninety (90) pounds.

14. On March 11, 2008, L.B. was informed by teachers, administrators, agents and/or officials of Creekside Middle School that he was going to receive detention because he was late for school.

15. L.B. was given detention despite the fact that his mother, Dianne Bell, had informed the school that L.B. was going to be late that day.

16. When L.B. learned that he was going to receive detention, he became frustrated and began to act out.

17. Teachers, administrators, agents and/or officials of Creekside Middle School called 911 in response to L.B.'s behavior.

18. Teachers, administrators, agents and/or officials of Creekside Middle School allege they informed the Carmel Police Department that L.B. is autistic.

19. The Carmel Police Department alleges that teachers, administrators, agents and/or officials of Creekside Middle School did not inform them that L.B. is autistic.

20. Defendant, the Carmel Police Department, is located in Hamilton County, Indiana.

21. The Carmel Police Department is a citizen of the State of Indiana.

22. Upon information and belief, the Carmel Police Department has an autism response team.

23. The Carmel Police Department did not deploy, dispatch or otherwise send the autism response team, or any member thereof, to deal with the situation involving L.B.

24. Officer Matthew Kinkade is an employee of the Carmel Police Department.

25. Officer Matthew Kinkade is a resident and citizen of the State of Indiana.

26. On March 11, 2008, Officer Matthew Kinkade was the responding officer to the 911 call made by Creekside Middle School regarding L.B.

27. On March 11, 2008, Office Kinkade was not a member or part of the Carmel Police Department autism response team

28. Upon arriving at the scene, Officer Kinkade encountered L.B. standing in the lobby along with teachers, administrators, agents and/or officials of Creekside Middle School.

29. After arriving at the scene, Officer Kinkade physically grabbed L.B. and forced him to a bench located inside the lobby are of the school.

30. At some point, Officer Kinkade drew his taser and fired it at L.B. while still in the lobby of the school.

31. Officer Kinkade fired his taser at L.B. twice, striking him twice, and causing him to temporarily lose consciousness.

32. After being tased by Officer Kinkade, L.B. had trouble breathing, had a low blood sugar reading, and had to be transported to Carmel St. Vincent's Hospital by the Carmel Fire Department.

33. Medical personnel advised that because of L.B.'s condition, he should be released into the custody of his mother, Dianne Bell, instead of being detained.

34. That venue is proper in the United States District Court for the Southern District of Indiana.

## COUNT I: VIOLATIONS OF 42 U.S.C.S. SECTION 1983 BY CREEKSIDE MIDDLE SCHOOL AND/OR THE CARMEL CLAY SCHOOL CORPORATION

35. Plaintiffs incorporate rhetorical paragraphs 1 through 34 of the general allegations as if fully incorporated herein.

36. Creekside Middle School is a part of the Carmel-Clay School Corporation.

37. At all times relevant, teachers, administrators, agents and/or officials of Creekside Middle School acted under the color of state law.

38. Teachers, administrators, agents and/or officials of Creekside Middle School knew that L.B. had a tendency to act in a manner outside his normal behavioral range.

39. Teachers, administrators, agents and/or officials of Creekside Middle School knew of L.B.'s medically diagnosed conditions.

40. Teachers, administrators, agents and/or officials of Creekside Middle School assisted in preparing an Individualized Education Plan for L.B.

41. Teachers, administrators, agents and/or officials of Creekside Middle School assisted in preparing a Behavioral Intervention Plan for L.B..

42. Teachers, administrators, agents and/or officials of Creekside Middle School knew that when L.B. behaved in a manner outside his normal behavioral range, specific "de-escalation techniques" were to be used to address the situation.

43. Teachers, administrators, agents and/or officials of Creekside Middle School failed to follow the Behavioral Intervention Plan on the date in question.

44. Teachers, administrators, agents and/or officials of Creekside Middle School failed to follow or employ the de-escalation techniques outlined for L.B..

45. Teachers, administrators, agents and/or officials of Creekside Middle School failed to inform the Carmel Police Department that L.B.'s behavior was due to his medically diagnosed conditions.

46. Teachers, administrators, agents and/or officials of Creekside Middle School failed to inform the Carmel Police Department that L.B. had an established Behavioral Intervention Plan.

47. Teachers, administrators, agents and/or officials of Creekside Middle School failed to inform the Carmel Police Department that specific de-escalation techniques were to be utilized for L.B..

48. Teachers, administrators, agents and/or officials of Creekside Middle School knew that L.B. did not eat lunch on March 11, 2008.

49. Teachers, administrators, agents and/or officials of Creekside Middle School acted with deliberate and reckless indifference with respect to the civil rights of L.B..

50. The actions and/or omissions by Creekside Middle School teachers, administrators, agents and/or officials deprived L.B. of protected rights secured by the Constitution of the United States.

WHEREFORE, the Plaintiffs, Leonard and Dianne Bell, individually and on behalf of the minor child, L.B., pray that:

1. Plaintiffs be granted a jury trial in this cause.

2. Plaintiffs be awarded compensatory damages in this cause.

3. Plaintiffs be awarded all other relief proper in the premises.

Respectfully Submitted,

FRAZIER & ASSOCIATES

_____
Ronald W. Frazier, #13975-48
Attorney for Plaintiffs

## COUNT II: NEGLIGENCE – CARMEL CLAY SCHOOL CORPORATION AND/OR CREEKSIDE MIDDLE SCHOOL

51. Plaintiffs incorporate rhetorical paragraphs 1 through 34 of the General Allegations and rhetorical paragraphs 35 through 50 of Count I as if fully incorporated herein.

52. The Carmel Clay School Corporation and/or Creekside Middle School had a duty to use reasonable care in regards to the safety of their student, L.B.

53. The Carmel Clay School Corporation and/or Creekside Middle School failed to inform the Carmel Police Department that L.B. suffers from autism when they called 911 on March 11, 2008.

54. The Carmel Clay School Corporation and/or Creekside Middle School failed to inform Officer Matthew Kinkade that L.B. is autistic when he arrived on the scene.

55. The Carmel Clay School Corporation and/or Creekside Middle School failed to inform Officer Matthew Kinkade that L.B. is autistic during the entire sequence of events discussed above.

56. At no time did anyone from the Carmel Clay School Corporation and/or Creekside Middle School inform the Carmel Police Department and/or Officer Kinkade that L.B. is autistic, even after it became apparent that L.B. was about to be tased.

57. At no time did Carmel Clay School Corporation and/or Creekside Middle School inform the Carmel Police Department and/or Officer Kinkade that L.B. had a Behavioral Intervention Plan.

58. At no time did Carmel Clay School Corporation and/or Creekside Middle School inform the Carmel Police Department and/or Officer Kinkade that specific de-escalation techniques are to be utilized with L.B..

59. At no time did Carmel Clay School Corporation and/or Creekside Middle School inform the Carmel Police Department and/or Officer Kinkade that L.B. had not eaten lunch and as a result may have low blood sugar.

60. Carmel Clay School Corporation and/or Creekside Middle School breached the non-delegable duty owed to L.B. to keep him reasonably safe while at school.

61. This breach of duty was the proximate and legal cause of L.B.'s injury.

62. As a result, the Plaintiffs have been damaged in the form of incurred medical expenses, pain, suffering and mental anguish.

WHEREFORE, the Plaintiffs, Leonard and Dianne Bell, individually and on behalf of the minor child, L.B., pray that:

1. Plaintiffs be granted a jury trial in this cause.
2. Plaintiffs be awarded compensatory damages in this cause.
3. Plaintiffs be awarded all other relief proper in the premises.

Respectfully Submitted,

FRAZIER & ASSOCIATES

Ronald W. Frazier, #13975-48
Attorney for Plaintiffs

## COUNT III: VIOLATIONS OF 42 U.S.C.S. SECTION 1983 BY THE CARMEL POLICE DEPARTMENT

63. Plaintiffs incorporate rhetorical paragraphs 1 through 34 of the General Allegations, rhetorical paragraphs 35 through 50 of Count I and rhetorical paragraphs 51 through 62 of Count II as if fully incorporated herein.

64. At all times relevant, Officer Kinkade was acting under the color of state law.

65. By placing his hands on L.B. and grabbing him, Officer Kinkade used unreasonable and excessive force.

66. Officer Kinkade used unreasonable and excessive force by using his taser on L.B.

67. Officer Kinkade used unreasonable and excessive force by using his taser on L.B. until L.B. lost consciousness.

68. That Officer Kinkade used unreasonable and excessive force by failing to follow policies and procedures that were in place for dealing with autistic children.

69. That Officer Kinkade used unreasonable and excessive force by failing to utilize de-escalation techniques with respect to L.B.

70. That Officer Kinkade used unreasonable and excessive force by failing to follow the Behavioral Intervention Plan for L.B.

71. That Officer Kinkade's actions on March 11, 2008 deprived L.B. of rights secured by the Constitution of the United States, including the right to be free from unreasonable search and seizure.

WHEREFORE, the Plaintiffs, Leonard and Dianne Bell, individually and on behalf of the minor child, L.B., pray that:

1. Plaintiffs be granted a jury trial in this cause.

2. Plaintiffs be awarded compensatory damages in this cause.

3. Plaintiffs be awarded all other relief proper in the premises.

Respectfully Submitted,

FRAZIER & ASSOCIATES

Ronald W. Frazier, #13975-48
Attorney for Plaintiffs

## COUNT IV: NEGLIGENT TRAINING OF OFFICER MATTHEW KINKADE BY THE CARMEL POLICE DEPARTMENT

72. Plaintiffs incorporate rhetorical paragraphs 1 though 34 of the General Allegations, rhetorical paragraphs 35 through 50 of Count I, rhetorical paragraphs 51 through 62 of Count II, and rhetorical paragraphs 63 through 71 of Count III as if fully set forth herein.

73. At all times relevant, Officer Matthew Kinkade was acting under the scope of his employment.

74. Upon information and belief, Officer Kinkade has not received any special training related to dealing with individuals with autism.

75. The Carmel Police Department was grossly negligent in the training of Matthew Kinkade.

76. The Carmel Police Department acted with reckless indifference with respect to L.B.'s constitutional right in its failure to adequately train Matthew Kinkade.

77. Officer Kinkade's actions caused L.B.'s injuries and damages.

WHEREFORE, the Plaintiffs, Leonard and Dianne Bell, individually and on behalf of the minor child, L.B., pray that:

1. Plaintiffs be granted a jury trial in this cause.

2. Plaintiffs be awarded compensatory damages in this cause.

3. Plaintiffs be awarded all other relief proper in the premises.

Respectfully Submitted,

FRAZIER & ASSOCIATES

Ronald W. Frazier, #13975-48
Attorney for Plaintiffs

## COUNT V: GENERAL NEGLIGENCE – CARMEL POLICE DEPARTMENT

78. Plaintiffs incorporate rhetorical paragraphs 1 though 34 of the General Allegations, rhetorical paragraphs 35 through 50 of Count I, rhetorical paragraphs 51 through 62

of Count II, rhetorical paragraphs 63 through 71 of Count III and rhetorical paragraphs 72 through 77 of Count IV as if fully set forth herein.

79. The Carmel Police Department knew that L.B. is autistic on the date in question.

80. The Carmel Police Department has an autism response team.

81. The Carmel Police Department owed a duty to use reasonable care under the circumstances.

82. The Carmel Police Department owed a duty to send the autism response team to Creekside Middle School on the date in question.

83. The Carmel Police Department failed to send the autism response team to Creekside Middle School.

84. The Carmel Police Department's actions and/or inactions on the date in question were a breach of duty.

85. The Carmel Police Department failed to act with reasonable care on the date in question.

86. The Carmel Police Department's actions and/or inaction on the date in question were the proximate and legal cause of the Plaintiff's injuries.

87. As a result of the negligence of the Carmel Police Department, the Plaintiffs were injured and have sustained damages in the form of medical expenses, pain, suffering and mental anguish.

WHEREFORE, the Plaintiffs, Leonard and Dianne Bell, individually and on behalf of the minor child, L.B., pray that:

1. Plaintiffs be granted a jury trial in this cause.

2. Plaintiffs be awarded compensatory damages in this cause.

3. Plaintiffs be awarded all other relief proper in the premises.

Respectfully Submitted,

FRAZIER & ASSOCIATES

Ronald W. Frazier, #12975-48
Attorney for Plaintiffs

## COUNT VI: BATTERY – OFFICER MATTHEW KINKADE

88. Plaintiffs incorporate rhetorical paragraphs 1 though 34 of the General Allegations, rhetorical paragraphs 35 through 50 of Count I, rhetorical paragraphs 51 through 62 of Count II, rhetorical paragraphs 63 through 71 of Count III, rhetorical paragraphs 72 through 77 of Count IV, and rhetorical paragraphs 78 through 87 of Count V as if fully set forth herein.

89. On March 11, 2008, Officer Matthew Kinkade physically grabbed L.B.

90. On March 11, 2008, Officer Matthew Kinkade used his taser on L.B. two (2) separate times.

91. On March 11, 2008, Officer Matthew Kinkade tased L.B. until L.B. lost consciousness.

92. L.B. did not consent to Officer Matthew Kinkade's actions.

93. Officer Kinkade's actions were voluntary.

94. Officer Kinkade's actions were harmful and offensive.

95. Officer Kinkade's actions resulted in L.B. sustaining damages.

96. Officer Kinkade's actions constitute Battery under Indiana law.

WHEREFORE, the Plaintiffs, Leonard and Dianne Bell, individually and on behalf of the minor child, L.B., pray that:

1. Plaintiffs be granted a jury trial in this cause.

2. Plaintiffs be awarded compensatory damages in this cause.

3. Plaintiffs be awarded all other relief proper in the premises.

Respectfully Submitted,

FRAZIER & ASSOCIATES

Ronald W. Frazier #13975-48
Attorney for Plaintiffs

## COUNT VII:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97. Plaintiffs incorporate rhetorical paragraphs 1 though 34 of the General Allegations, rhetorical paragraphs 35 through 50 of Count I, rhetorical paragraphs 51 through 62 of Count II, rhetorical paragraphs 63 through 71 of Count III, rhetorical paragraphs 72 through 77 of Count IV, rhetorical paragraphs 78 through 87 of Count V and rhetorical paragraphs 88 through 96 of Count VI as if fully set forth herein.

98. Teachers, administrators, agents and/or officials of Creekside Middle School knew of L.B.'s medically diagnosed conditions.

99. Teachers, administrators, agents and/or officials of Creekside Middle School knew that L.B. would behave outside his normal behavioral range on occasion.

100. Teachers, administrators, agents and/or officials of Creekside Middle School knew that specific de-escalation techniques were to be used when L.B. acted outside his normal behavioral range.

101. Teachers, administrators, agents and/or officials of Creekside Middle School knew that L.B. had an Individualized Educational Plan.

102. Teachers, administrators, agents and/or officials of Creekside Middle School knew that L.B. had a Behavioral Intervention Plan.

103. Teachers, administrators, agents and/or officials of Creekside Middle School failed to use de-escalation techniques with L.B. on March 11, 2008.

104. On March 11, 2008, Officer Kinkade was not informed that L.B. was a special education student.

105. On March 11, 2008, Officer Kinkade was not informed that L.B.'s behavior was caused by his medical conditions.

106. Teachers, administrators, agents and/or officials of Creekside Middle School had the opportunity to make L.B.'s special needs status known to the officers prior to the time L.B. was tased by Officer Kinkade.

107. Teachers, administrators, agents and/or officials of Creekside Middle School acted with reckless disregard for L.B.'s safety.

108. These actions and/or omissions were extreme and outrageous

109. These actions and/or omissions caused L.B. emotional distress.

110. These actions and/or omissions caused Leonard Bell emotional distress.

111. These actions and/or omissions caused Dianne Bell emotional distress.

WHEREFORE, the Plaintiffs, Leonard and Dianne Bell, individually and on behalf of the minor child, L.B., pray that:

    1. Plaintiffs be granted a jury trial in this cause.

    2. Plaintiffs be awarded compensatory damages in this cause.

3. Plaintiffs be awarded all other relief proper in the premises.

Respectfully Submitted,

FRAZIER & ASSOCIATES

Ronald W. Frazier, #13975-48
Attorney for Plaintiffs

## COUNT VIII: *RESPONDEAT SUPERIOR* LIABILITY OF THE CARMEL POLICE DEPARTMENT

112. Plaintiffs incorporate rhetorical paragraphs 1 though 34 of the General Allegations, rhetorical paragraphs 35 through 50 of Count I, rhetorical paragraphs 51 through 62 of Count II, rhetorical paragraphs 63 through 71 of Count III, rhetorical paragraphs 72 through 77 of Count IV, rhetorical paragraphs 78 through 87 of Count V, rhetorical paragraphs 88 through 96 of Count VI, and rhetorical paragraphs 97 through 111 of Count VII as if fully set forth herein.

113. At all relevant times, Officer Kinkade was an agent, servant and employee of the Carmel Police Department.

114. Officer Kinkade came into contact with L.B. while performing his duties as an employee of the defendant Carmel Police Department.

115. At all relevant times, the acts and/or omissions of Officer Kinkade were authorized in part by the Carmel Police Department.

116. The Carmel Police Department is vicariously liable under the doctrine of *respondeat superior* for the acts committed by its employee, Officer Kinkade, during the course and scope of his employment.

WHEREFORE, the Plaintiffs, Leonard and Dianne Bell, individually and on behalf of the minor child, L.B., pray that:

1. Plaintiffs be granted a jury trial in this cause.
2. Plaintiffs be awarded compensatory damages in this cause.
3. Plaintiffs be awarded all other relief proper in the premises.

Respectfully Submitted,

FRAZIER & ASSOCIATES

Ronald W. Frazier, #13975-48
Attorney for Plaintiffs

## COUNT IX: *RESPONDEAT SUPERIOR* LIABILITY OF CREEKSIDE MIDDLE SCHOOL AND/OR CARMEL CLAY SCHOOL CORPORATION

117. Plaintiffs incorporate rhetorical paragraphs 1 though 34 of the General Allegations, rhetorical paragraphs 35 through 50 of Count I, rhetorical paragraphs 51 through 62 of Count II, rhetorical paragraphs 63 through 71 of Count III, rhetorical paragraphs 72 through 77 of Count IV, rhetorical paragraphs 78 through 87 of Count V, rhetorical paragraphs 88 through 96 of Count VI, rhetorical paragraphs 97 through 111 of Count VII and rhetorical paragraphs 112 through 116 as if fully set forth herein.

118. At all relevant times, David Jennings, Deanna Pitman, Laura Johnson, Jeanne Meredith, Lynn Johnson, Bryce Stewart and other unnamed individuals were acting as agents, servants and/or employees of Creekside Middle School.

119. Prior to March 11, 2008, David Jennings, Deanna Pitman, Laura Johnson, Jeanne Meredith, Lynn Johnson, Bryce Stewart and other unnamed individuals became familiar with L.B. while performing their duties as employees of the defendant Creekside Middle School.

120. On March 11, 2008, the acts and/or omissions of David Jennings, Deanna Pitman, Laura Johnson, Jeanne Meredith, Lynn Johnson, Bryce Stewart and other unnamed individuals were authorized in part by Creekside Middle School and/or the Carmel Clay School Corporation.

121. The Carmel Clay School Corporation and/or Creekside Middle School is vicariously liable under the doctrine of *respondeat superior* for the acts committed by its employees, David Jennings, Deanna Pitman, Laura Johnson, Jeanne Meredith, Lynn Johnson, Bryce Stewart and other unnamed individuals, during the course and scope of their employment.

WHEREFORE, the Plaintiffs, Leonard and Dianne Bell, individually and on behalf of the minor child, L.B., pray that:

1. Plaintiffs be granted a jury trial in this cause.

2. Plaintiffs be awarded compensatory damages in this cause.

3. Plaintiffs be awarded all other relief proper in the premises.

Respectfully Submitted,

FRAZIER & ASSOCIATES

Ronald W. Frazier, #13975-48
Attorney for Plaintiffs

FRAZIER & ASSOCIATES
612 East Market Street
Indianapolis, Indiana 46202

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the named parties of record, listed below, via U.S. First Class Mail, postage prepaid, this ___13th___ day of February, 2009.

Highest Ranking Official
Carmel Police Department
3 Civic Square
Carmel, Indiana 46032

Matthew Kinkade
Carmel Police Department
3 Civic Square
Carmel, Indiana 46032

Highest Ranking Official
Carmel-Clay School Corporation
5201 East 131st Street
Carmel, Indiana 46033

_____
Ronald W. Frazier

FRAZIER & ASSOCIATES
612 E. Market Street
Indianapolis, IN 46202